# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MANTI HOLDINGS, LLC, MALONE MITCHELL, WINN INTERESTS, LTD., EQUINOX I. A TX, GREG PIPKIN, CRAIG JOHNSTONE, TRI-C AUTHENTIX, LTD., DAVID MOXAM, JOHN LAL PEARCE, and JIM RITTENBURG, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2020-0657-SG |
| THE CARLYLE GROUP INC., CARLYLE U.S. GROWTH FUND III, L.P., CARLYLE U.S. GROWTH FUND III AUTHENTIX HOLDINGS, L.P., CARLYLE INVESTMENT MANAGEMENT L.L.C., TCG VENTURES III, L.P., BERNARD C. BAILEY, STEPHEN W. BAILEY, and MICHAEL G. GOZYCKI, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Date Submitted:  November 5, 2021
Date Decided:  February 14, 2022

Rolin P. Bissell, Paul J. Loughman, and Alberto E. Chávez, of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; OF COUNSEL: D. Patrick Long, Jonathan R. Mureen, and John Tancabel, of SQUIRE PATTON BOGGS (US) LLP, Dallas, Texas, *Attorneys for Plaintiffs.*

Albert H. Manwaring IV and Kirsten Zeberkiewicz, of MORRIS JAMES LLP, Wilmington, Delaware; OF COUNSEL: Robert A. Van Kirk, Sarah F. Kirkpatrick, and Lauren Uhlig, of WILLIAMS & CONNOLLY LLP, Washington, DC, *Attorneys for Defendants.*

**GLASSCOCK, Vice Chancellor**

The dispute between the parties here appears to raise the question of whether a stockholder in a Delaware corporation can waive the right to seek redress against corporate directors and controllers for breach of the duty of loyalty, by contract, in specific limited situations. I use the term "appears" advisedly, since the language at issue—which, per Defendants, waives the right to redress for certain loyalty breaches in connection with a sale of the company—in my view, does not work a waiver. If waiver of such a right is not unenforceable for reasons of public policy, nonetheless, as with any waiver of a right, the language relied upon must represent a clear and knowing relinquishment of the right. The language here falls short of such an enforceable waiver. Accordingly, I need not reach the general issue of waivability of fiduciary duty here.

The Plaintiffs here, former stockholders of Authentix Acquisition Company, Inc. ("Authentix"), bring a post-closing damages action challenging alleged breaches of fiduciary duty in connection with the sale of Authentix to Blue Water Energy in 2017 (the "Sale").[1] The Defendants have moved to dismiss the Amended Complaint.[2] This Memorandum Opinion addresses a predicate issue raised in the motion to dismiss briefing: whether the Plaintiffs waived their right to

---

[1] *See generally* Verified Am. Compl., Dkt. No. 38 [hereinafter "Am. Compl."].
[2] Defs.' Mot. Dismiss Pls.' Verified Am. Compl., Dkt. No. 39 [hereinafter "Defs.' Mot. Dismiss"].

bring this action by entering into a stockholders agreement (the "Stockholders Agreement") that required them to "consent to and raise no objections against such transaction."[3] This Memorandum Opinion concludes that this language does not constitute such a waiver.

## I.     BACKGROUND[4]

Authentix, a non-party, is a Delaware corporation.[5] The Plaintiffs are individuals and entities that were common stockholders of Authentix at the time of the Sale.[6] The Defendants are (i) preferred stockholders of Authentix and affiliates of those preferred stockholders, alleged to be controllers; and (ii) three former directors and officers of Authentix, who were allegedly associated with the controller Defendants.[7]

On September 12, 2017, the Board approved the Sale over the objection of one director, who was a representative of Plaintiff Manti Holdings, LLC on the Authentix Board.[8] The Amended Complaint alleges that the Sale was prompted, not by a desire to realize value for common stockholders, but instead because of a

---

[3] *See* Aff. Matthew F. Lintner Supp. Defs.' Opening Br. Supp. Mot. Dismiss Verified Am. Compl., Ex. A § 3(e) [hereinafter the "Stockholders Agreement"].
[4] Unless otherwise noted, the facts referenced in this Memorandum Opinion are drawn from the Amended Complaint and the documents incorporated therein.
[5] Am. Compl. ¶ 14.
[6] *Id.* ¶¶ 15–25.
[7] *Id.* ¶¶ 2, 26–33, 113.
[8] *Id.* ¶¶ 2, 11, 37, 57, 76, 91, 94–96, 102–03.

2

self-imposed deadline in September 2017 for the controller Defendants to cash out their preferred stock.[9] The Plaintiffs accordingly bring claims for breach of fiduciary duty, aiding and abetting, civil conspiracy, and unjust enrichment against the Defendants relating to their actions in connection with the Sale.[10]

The Defendants moved to dismiss the Amended Complaint on November 17, 2020.[11] In their briefing, the Defendants argue that the allegations of the Amended Complaint fail to state claims under the Rule 12(b)(6) standard.[12] They also raise a predicate issue that they contend precludes this action: the Plaintiffs purportedly waived their right to challenge the Sale under the Stockholders Agreement.[13] Although the Plaintiffs asserted that the Stockholders Agreement "is not incorporated in or integral to the common law causes of action in the [Amended] Complaint," they nevertheless "consent[ed] to adjudicating this issue."[14] I held oral

---

[9] *Id.* ¶¶ 2, 8, 57, 73, 77, 91, 103, 105–06.
[10] *Id.* ¶¶ 107–35.
[11] *See* Defs.' Mot. Dismiss.
[12] *See, e.g.*, Defs.' Opening Br. Supp. Mot. Dismiss Am. Compl., Dkt. No. 39 §§ II–VI [hereinafter "Defs.' Opening Br."].
[13] *See, e.g.*, *id.* § I.
[14] Pls.' Answering Br. Opp'n Defs. Mot. Dismiss at 19 n.80 [hereinafter "Pls.' Answering Br."].

argument on the motion to dismiss on January 26, 2021,[15] and the parties completed supplemental briefing on February 24, 2021.[16]

On June 4, 2021, I stayed consideration of the Defendants' motion to dismiss here[17] pending an appeal to the Supreme Court of my decision in a related appraisal action regarding the Sale, *Manti Holdings, LLC v. Authentix Acquisition Co.*, in which I held that the parties to the Stockholders Agreement waived their right to an appraisal in connection with the Sale.[18] The Supreme Court affirmed that opinion on September 13, 2021.[19] On November 5, 2021, the parties submitted supplemental memoranda addressing whether that Supreme Court decision impacted their arguments made in connection with the Defendants' motion to dismiss here.[20] I consider the matter fully submitted as of that date.

---

[15] *See* Tr. Oral Argument re Defs.' Mot. Dismiss and Mot. Stay Disc. and Ct.'s Ruling Mot. Stay Held Via Zoom, Dkt. No. 56 [hereinafter "Oral Arg. Tr."].

[16] *See* Defs.' Suppl. Br. Supp. Mot. Dismiss Am. Compl., Dkt. No. 57; Pls.' Suppl. Br. Regarding Defs.' Mot. Dismiss, Dkt. No. 58; Defs.' Suppl. Answering Br., Dkt. No. 59; Pls.' Suppl. Answering Br. Defs.' Suppl. Br., Dkt. No. 60.

[17] Dkt. No. 62.

[18] 2018 WL 4698255 (Del. Ch. Oct. 1, 2018).

[19] *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199 (Del. 2021).

[20] *See* Defs.' Suppl. Mem. Supp. Their Mot. Dismiss Am. Compl. and Regarding Recent Supreme Ct. Decision, *Manti Holdings, LLC v. Authentix Acquisition Co.*, Dkt. No. 70 [hereinafter "Defs.' Suppl. Mem."]; Pls.' Informal Mem. Further Opp. Defs.' Mot. Dismiss, Dkt. No. 71.

## II. ANALYSIS

The parties dispute whether the Stockholders Agreement includes a waiver of the plaintiffs' right to bring this post-closing damages action. "Delaware law adheres to the objective theory of contracts, *i.e.*, a contract's construction should be that which would be understood by an objective, reasonable third party."[21] The objective theory of contracts requires the court to effectuate the parties' intent,[22] which, absent ambiguity, "must be ascertained from the language of the contract."[23] That is, "[t]he Court will interpret clear and unambiguous terms according to their ordinary meaning."[24]

Under Delaware law, "[w]aiver is the intentional relinquishment of a known right."[25] "A waiver may be either express or implied, but either way, it must be unequivocal."[26] "[T]he standards for proving waiver under Delaware law are 'quite exacting,'" and "[t]he facts relied upon to prove waiver must be unequivocal."[27] A

---

[21] *Salamone v. Gorman*, 106 A.3d 354, 367–68 (Del. 2014) (quoting *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010)).

[22] *Zimmerman v. Crothall*, 62 A.3d 676, 690 (Del. Ch. 2013).

[23] *Comet Sys., Inc. S'holders' Agent v. MIVA, Inc.*, 980 A.2d 1024, 1030 (Del. Ch. 2008) (quoting *In re IAC/InterActive Corp.*, 948 A.2d 471, 494 (Del. Ch. 2008)).

[24] *GMG Cap. Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012).

[25] *Manti*, 261 A.3d at 1210 (quoting *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1214 (Del. 2009)).

[26] *Id.* at 1210–11 (quoting *Dirienzo v. Steel Partners Holdings L.P.*, 2009 WL 4652944, at *4 (Del. Ch. Dec. 8, 2009)).

[27] *Id.* at 1211 (quoting *Bantum v. New Castle Cnty. Vo-Tech Educ. Ass'n*, 21 A.3d 44, 50 (Del. 2011)).

waiver of fiduciary duties, to the extent allowed by Delaware law, must be clear and unambiguous.[28] And, as our courts have noted in connection with fiduciary duty waivers in the LLC context, because drafters of the entity's documents "must make their intent to eliminate fiduciary duties plain and unambiguous" in order for such waivers to be effective, "the interpretive scales . . . tip in favor of preserving fiduciary duties."[29]

The Defendants rely on the following language from Section 3(e) of the Stockholders Agreement for their position that the Plaintiffs waived their rights to challenge the Sale:

> In the event that . . . a Company Sale is approved by the Board and . . . the holders of at least fifty percent (50%) of the

---

[28] *See Schock v. Nash*, 732 A.2d 217, 225 n.21 (Del. 1999) (duty of care waiver in certificate of incorporation must be "clear and unambiguous"); *Ross Holding & Mgmt. Co. v. Advance Realty Grp., LLC*, 2014 WL 4374261, at *13 (Del. Ch. Sept. 4, 2014) ("Drafters of a limited liability company agreement 'must make their intent to eliminate fiduciary duties plain and unambiguous.'" (quoting *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 665 (Del. Ch. 2012)); *Smith v. Scott*, 2021 WL 1592463, at *9 (Del. Ch. Apr. 23, 2021) (same); *Skye Min. Invs., LLC v. DXS Cap. (U.S.) Ltd.*, 2020 WL 881544, at *21 (Del. Ch. Feb. 24, 2020) ("Although fiduciary duties may be disclaimed, agreements' drafters must do so clearly, and should not be incentivized to obfuscate or surprise investors by ambiguously stripping away the protections investors would ordinarily receive." (quotation omitted)); *Miller v. Am. Real Est. Partners, L.P.*, 2001 WL 1045643, at *8 (Del. Ch. Sept. 6, 2001) ("A topic as important as [fiduciary duty waivers] should not be addressed coyly.").

[29] *Bay Ctr. Apartments Owner, LLC v. Emery Bay PKI, LLC*, 2009 WL 1124451, at *9 (Del. Ch. Apr. 20, 2009); *see also id.* ("Because the existence of fiduciary duties under § 6.1(b) can be reconciled with § 6.2's apparent elimination of them in this way, Bay Center's reading of the LLC Agreement is more reasonable than the defendants' reading."); *Advance Realty*, 2014 WL 4374261, at *15 ("A failure to mention a duty . . . is not an adequate disclaimer of it. Such a rule, which resolves ambiguities in favor of the full panoply of duties, is sensible.").

then-outstanding Shares . . . , each Other Holder shall consent to and raise no objections against such transaction . . . .[30]

This general duty in Section 3(e) to "consent to and raise no objections against such transaction" is followed by several specific applications of the duty, set forth in subsections of Section 3(e).[31] For example, Other Holders agree to "vote the shares of Common Stock held by such Other Holder in favor of such transaction"; "refrain from the exercise of appraisal rights with respect to such transaction"; and, subject to certain limitations, "execute any purchase agreement, merger agreement or other agreement . . . in connection with such transaction setting forth the terms and conditions of such transaction and any ancillary agreement with respect thereto."[32]

I have already held, and the parties do not dispute, that the Sale meets the contractual definition of a "Company Sale."[33] Nor do the parties dispute that the Sale was approved by the Board and at least 50% of the then-outstanding shares, and that the Plaintiffs are "Other Holders" as defined by the Stockholders Agreement.

Therefore, the pertinent question is whether this post-closing damages action contravenes the Plaintiffs' obligation to "consent to and raise no objections against such transaction."[34] Relying on a broad definition of the word "objection," to mean

---

[30] Stockholders Agreement § 3(e).
[31] *Id.* §§ 3(e)(i)–(iv).
[32] *Id.*
[33] *Manti*, 2018 WL 4698255, at *2.
[34] Stockholders Agreement § 3(e).

"the act of challenging or disagreeing with something,"[35] the Defendants contend that this obligation precludes the Plaintiffs from bringing any action challenging the Sale, whether pre- or post-closing, and whether for a breach of fiduciary duties or otherwise. The Defendants point out that the Plaintiffs are signatories of the Stockholders Agreement, that they are sophisticated investors, and that they signed the Agreement for consideration; they argue that the sale provisions provide substantial protections for the Plaintiffs despite any waiver.[36] Accordingly, they contend that although the obligation applies only "in a narrow set of circumstances," "when it does apply, the waiver is complete."[37] I disagree.

As I noted above, a waiver, and especially a waiver of fiduciary duties, must be clear and unequivocal.[38] Despite this clearly established requirement, Section 3(e) makes no reference to fiduciary duties.[39] This failure to heed "the lessons of those earlier cases clearly to eliminate or modify the traditional fiduciary duties" is dispositive.[40] Indeed, the drafters of the Stockholders Agreement were careful to enumerate other restrictions that fall within the general duty to "consent to and raise no objections against such transaction." For example, Sections 3(e)(ii)–

---

[35] Oral Arg. Tr. at 16:14–23.
[36] Defs.' Suppl. Mem. § I.
[37] Defs.' Opening Br. at 20.
[38] *See, e.g.*, *Manti*, 261 A.3d at 1211; *Schock*, 732 A.2d at 225 n.21.
[39] *See* Stockholders Agreement § 3(e).
[40] *Advance Realty*, 2014 WL 4374261, at *13.

(iv) explicitly prohibit the Plaintiffs from voting against the transaction, asserting appraisal rights, and refusing to execute certain transaction documents.[41]  Had the drafters desired to eliminate fiduciary duties, they could have similarly enumerated such an explicit waiver.  They did not.  The Defendants attempt to sidestep this choice by arguing that Section 3(e) does not waive the fiduciary duties themselves, it just waives *claims* for fiduciary duty breaches regarding a Company Sale.[42]  That, I admit, is a distinction too fine for my legal palate.  A right without an enforcement mechanism is an empty right; without the Authentix stockholders' ability to police fiduciary duty breaches, the fiduciary duties owed to them would be illusory.  And in any event, the Plaintiffs are not objecting to the consummation of the Sale; they seek redress for purported breaches of duty that led to the Sale.[43]  Accordingly, to my mind, the "no objection" language is not sufficient to evince a knowing waiver of fiduciary rights, to the extent such would be enforceable.

Instead, a more reasonable interpretation is that Section 3(e) precludes the Plaintiffs from taking actions that would impede or delay the closing of an applicable Company Sale (for example, by voting against the transaction or refusing to execute transaction documents) or asserting rights that would arise from any Company Sale

---

[41] Stockholders Agreement §§ 3(e)(ii)–(iv).
[42] Defs. Reply Br. Supp. Mot. Dismiss Am. Compl. at 2–4.
[43] *See* Am. Compl. ¶¶ 107–17.  The Plaintiffs also assert secondary liability claims based on those alleged fiduciary breaches.  *See id.* ¶¶ 118–35.

(such as the right to an appraisal). In other words, the language waives objections to the Sale itself; it does not waive objections to fiduciary duty breaches made in connection with the Sale. With the "interpretive scales" "tip[ped] in favor of preserving fiduciary duties,"[44] I find this interpretation to be more reasonable.

### III. CONCLUSION

Accordingly, I hold that the Plaintiffs did not waive their right to bring this action challenging fiduciary duty breaches allegedly committed in connection with the Sale (Counts I and II). For the same reasons, I find that the Plaintiffs likewise did not waive their ability to bring the related secondary liability claims for aiding and abetting (Count III), civil conspiracy (Count IV), and unjust enrichment (Count V).

Waiver of fiduciary duty is a permitted feature of the LLC form. According to the Defendants, the parties to the Stockholders Agreement attempted to exercise a similar function by contract, with reference to a Delaware corporation, in way of a sale of the company. Because I find that the parties did not effectively waive the right to enforce such duties via the Stockholders Agreement, I need not pass on whether such a waiver of duty is permissible under our law.[45] The parties should

---

[44] *Emery Bay*, 2009 WL 1124451, at *9.
[45] Finding such waiver effective is a proposition that would blur the line between LLCs and the corporate form and represent a departure from norms of corporate governance, I note, even under the limited circumstances here, described above. *See generally Manti*, 261 A.3d 1199.

confer and inform me whether they believe further briefing is required on their remaining motion to dismiss arguments, in light of this Memorandum Opinion.